**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
(201) 489-3000
(201) 489-1536 Facsimile
Proposed Attorneys for Crumbs Bake Shop, Inc., *et al.*,
Debtors-in-Possession

| | |
|---|---|
| In re:<br><br>CRUMBS BAKE SHOP, INC.,<br><br>    Debtor-in-Possession. | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br>CASE NO. 14-<br><br>Chapter 11 |
| In re:<br><br>CRUMBS HOLDINGS LLC,<br><br>    Debtor-in-Possession. | **APPLICATION IN SUPPORT OF MOTION FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES PURSUANT TO FED. R. BANKR. P. 1015(b) AND GRANTING OTHER RELATED RELIEF**<br><br>**HEARING DATE AND TIME:**<br>July ____, 2014, at ___: ___ ___.m.<br><br>**ORAL ARGUMENT REQUESTED** |
| In re:<br><br>CRUMBS 42ND STREET II, LLC,<br><br>    Debtor-in-Possession. | |
| In re:<br><br>CRUMBS BROAD STREET, LLC,<br><br>    Debtor-in-Possession. | |
| In re:<br><br>CRUMBS BROADWAY LLC,<br><br>    Debtor-in-Possession. | |

52486/0001-10125042v5

| |
|---|
| In re: <br><br> CRUMBS FEDERAL STREET, LLC, <br><br>        Debtor-in-Possession. |
| In re: <br><br> CRUMBS GARMENT CENTER LLC, <br><br>        Debtor-in-Possession. |
| In re: <br><br> CRUMBS GRAND CENTRAL LLC, <br><br>        Debtor-in-Possession. |
| In re: <br><br> CRUMBS GREENVALE LLC, <br><br>        Debtor-in-Possession. |
| In re: <br><br> CRUMBS GREENWICH, LLC, <br><br>        Debtor-in-Possession. |
| In re: <br><br> CRUMBS HOBOKEN, LLC, <br><br>        Debtor-in-Possession. |
| In re: <br><br> CRUMBS II, LLC, <br><br>        Debtor-in-Possession. |
| In re: <br><br> CRUMBS LARCHMONT, LLC, <br><br>        Debtor-in-Possession. |

2

| |
|---|
| In re: <br><br> CRUMBS LEXINGTON LLC, <br><br>       Debtor-in-Possession. |
| In re: <br><br> CRUMBS PARK AVENUE LLC, <br><br>       Debtor-in-Possession. |
| In re: <br><br> CRUMBS RETAIL BAKE SHOPS, LLC (F/K/A CRUMBS FULTON STREET, LLC), <br><br>       Debtor-in-Possession. |
| In re: <br><br> CRUMBS STAMFORD, LLC, <br><br>       Debtor-in-Possession. |
| In re: <br><br> CRUMBS THIRD AVENUE LLC, <br><br>       Debtor-in-Possession. |
| In re: <br><br> CRUMBS TIMES SQUARE LLC, <br><br>       Debtor-in-Possession. |
| In re: <br><br> CRUMBS UNION SQUARE LLC, <br><br>       Debtor-in-Possession. |

52486/0001-10125042v5

| | |
|---|---|
| In re: | |
| CRUMBS UNION STATION LLC, | |
| Debtor-in-Possession. | |
| In re: | |
| CRUMBS WEST MADISON, LLC, | |
| Debtor-in-Possession. | |
| In re: | |
| CRUMBS WOODBURY LLC, | |
| Debtor-in-Possession. | |

TO: Honorable Judge of the
United States Bankruptcy Court

The Application of Crumbs Bake Shop, Inc., *et al.*, the within debtors and debtors-in-possession (collectively, the "**Debtors**"), by and through their proposed counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A., respectfully represents:

## I.     INTRODUCTION AND JURISDICTION

1.     This Application is submitted in support of the Debtors' motion for an order directing the joint administration of their Chapter 11 cases pursuant to Fed. R. Bankr. P. 1015(b) (the "**Motion**").

2.     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

3.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.     BACKGROUND

4.     On July 11, 2014 (the "**Filing Date**"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code. Since the Filing Date, the Debtors have

4

remained in possession of their assets and continued management of their business as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. A detailed description of the Debtors' business and the facts precipitating the filing of the Debtors' Chapter 11 proceedings are set forth in the Affidavit of John D. Ireland in support of the Debtors' various "First Day Motions" (the "**Ireland Affidavit**"). Those facts are incorporated herein by reference.

6. As set forth in the Ireland Affidavit, before ceasing operations on July 7, 2014, the Debtors were one of the largest, most recognizable brand name cupcake specialty retailers in the United States. While cupcakes comprised a majority of their sales, the Debtors also offered other baked goods, including push up pops, cakes, cookies, pastries, scones, croissants, brownies and muffins as well as hot and cold beverages. The Debtors offered these products through retail stores, an e-commerce division, catering services and a wholesale distribution business. Additionally, the Debtors licensed the Crumbs brand to third parties such as BJ's Wholesale Club, White Coffee, PKP-Mystic Apparel, Pop!Gourmet Popcorn and Pelican Bay. Before ceasing operations, the Debtors operated 49 stores in New York, New Jersey, Illinois, Washington, D.C., Connecticut, Massachusetts, Delaware, Pennsylvania, Rhode Island, Maryland and Virginia. For the fourth quarter ending December 31, 2013, CBS and its subsidiaries had consolidated assets of $20 million and liabilities of $19 million. Given their severe liquidity constraints, limited available cash and to avoid incurring liabilities they could not pay, the Debtors were forced to cease operations on July 7, 2014. The Debtors filed these Chapter 11 cases to pursue a sale of their assets through Section 363, which they believe will maximize value for the benefit of all stakeholders.

### III.     RELIEF REQUESTED AND BASIS THEREFOR

7. The Debtors respectfully request entry of an Order directing that their Chapter 11 cases be jointly administered pursuant to Fed. R. Bankr. P. 1015(b). As set forth herein, the Debtors are "affiliates" within the meaning of 11 U.S.C. § 101(2)(B). Moreover, joint administration will result in a more economical and efficient administration of these Chapter 11 cases than would be achieved if all of the Debtors' Chapter 11 proceedings were administered separately.

8. Rule 1015 of the Federal Rules of Bankruptcy Procedure governs the joint administration of Chapter 11 cases. That rule provides in pertinent part:

> (b) Case Involving Two or More Related Debtors. If a joint petition or two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

Fed. R. Bankr. P. 1015(b).

9. The Advisory Committee Note to Rule 1015 recognizes that the joint administration of bankruptcy cases can promote expedience and cost-efficiency by "using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters[.]" Advisory Committee Note to Fed. R. Bankr. P. 1015(b).

### A. The Debtors are "Affiliates" Within the Meaning of 11 U.S.C. § 101(2)(B)

10. Joint administration is particularly appropriate when an affiliated group of corporations files for bankruptcy relief.  See 9 Collier on Bankruptcy, 1015.03, p. 1015-6 (15th ed. rev. 1999).  When closely related corporations file for relief under Chapter 11, "the success of one affiliate's reorganization effort may depend largely on the success of the other affiliate's efforts." Id.

11. The term "affiliate" is defined broadly in the Bankruptcy Code.  Section 101(2) of the Bankruptcy Code defines an affiliate as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor...[or]
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor.

11 U.S.C. § 101(2).

12. The broad definition of "affiliate" is designed "to help the Bankruptcy Court to administer economically and efficiently different estates with substantial interests in common." In re A&S Transp. Co., Inc., 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982) (quoting In re Brookhollow Assocs., 435 F.Supp. 763, 766 (D. Mass. 1977), aff'd, 575 F.2d 1003 (1st Cir. 1978)).

13. As set forth in the Ireland Affidavit, CBS is the sole member of Crumbs Holdings LLC ("**Holdings**").  In turn, Holdings is the sole member of Crumbs 42nd Street II, LLC, Crumbs Broad Street, LLC, Crumbs Broadway LLC, Crumbs Federal Street, LLC, Crumbs Garment Center LLC, Crumbs Grand Central LLC, Crumbs Greenvale LLC, Crumbs

7

Greenwich, LLC, Crumbs Hoboken, LLC, Crumbs II, LLC, Crumbs Larchmont, LLC, Crumbs Lexington LLC, Crumbs Park Avenue LLC, Crumbs Retail Bake Shops, LLC (f/k/a Crumbs Fulton Street, LLC), Crumbs Stamford, LLC, Crumbs Third Avenue LLC, Crumbs Times Square LLC, Crumbs Union Square LLC, Crumbs Union Station LLC, Crumbs West Madison, LLC and Crumbs Woodbury LLC.  As a result, the Debtors clearly are affiliates under Section 101(2)(B) and applicable case law, and their bankruptcy cases are appropriate for joint administration under Bankruptcy Rule 1015(b).

      **B.**    **Joint Administration Will Result In An Economical and Efficient Administration Of These Chapter 11 Cases**

14. The Debtors believe joint administration of their Chapter 11 cases will allow the cases to be administered more efficiently, expeditiously and economically, and will not prejudice any creditors of the Debtors' individual estates.

15. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings and orders in their Chapter 11 cases will affect all of them.  The failure to jointly administer these cases would result in numerous duplicative pleadings filed for each issue and served upon separate service lists.  Such duplication of substantially identical documents would be wasteful and would unnecessarily overburden the Clerk of the Court with voluminous filings.

16. The Debtors anticipate that their Chapter 11 cases will proceed on the same timetable and that most of the notices, applications, motions and other pleadings filed and orders entered in these cases will affect all of the Debtors.  Joint administration of the Debtors' Chapter 11 cases will permit the Clerk of the Court to utilize a single general docket for the Chapter 11 cases.  Additionally, joint administration will permit counsel for all parties-in-interest to include the Debtors' estates in a single caption on the documents served and filed in the Chapter 11

8

cases, thus enabling parties-in-interest in each of the Chapter 11 cases to be apprised of the various matters before the Court.

17. Finally, the rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases since the relief sought herein is purely procedural and is in no way intended to substantively consolidate the Debtors or otherwise affect substantive rights of the parties. Creditors and other parties-in-interest will retain any claims or rights they may have against a particular estate. Therefore, the rights of parties-in-interest will not be prejudiced by entry of an order directing joint administration of the Debtors' separate Chapter 11 cases.

18. Accordingly, the Debtors respectfully submit that joint administration of the within Chapter 11 cases pursuant to Federal Rule of Bankruptcy Procedure 1015 is appropriate and in the bests interests of their estates.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the Motion and such other relief as the Court deems just and appropriate under the circumstances.

    Respectfully submitted,

    COLE, SCHOTZ, MEISEL,
    FORMAN & LEONARD, P.A.
    Proposed Attorneys for Crumbs Bake Shop,
    Inc., *et al.*, Debtors-in-Possession

    By: */s/ David M. Bass*
        Michael D. Sirota, Esq.
        David M. Bass, Esq.
        Felice R. Yudkin, Esq.

DATED: July 11, 2014

52486/0001-10125042v5